White v. Smith.

WIN S. WHITE, APPELLEE, V. NANNIE SMITH ET AL., MORTGAGORS, AND W. A. POLLOCK, INTERVENOR, APPELLANT.

FILED MARCH 18, 1896.   No. 6178.

Review: BILL OF EXCEPTIONS. A decree of the district court cannot be reviewed upon a question of fact, when the evidence has not been preserved by a bill of exceptions duly settled and allowed.

APPEAL from the district court of Cedar county. Heard below before NORRIS, J.

*Addison M. Gooding*, for appellant.

*W. E. Gantt, contra.*

NORVAL, J.

Win S. White brought suit in the court below to foreclose a real estate mortgage executed by Nannie Smith and Levi Smith.  Subsequently Pollock filed a petition of intervention, but no copy thereof is to be found in the record.  A decree of foreclosure was entered, and leave given

plaintiff to answer the petition of the intervenor, which answer was duly filed. In the meantime the property was sold under the decree to the plaintiff, the sale was confirmed, and a sheriff's deed was issued to him. Subsequently, but at what time, or what term of court, the record does not show, the cause was heard upon the petition of the intervenor Pollock, the answer thereto of White and the evidence, and a decree was entered in favor of the latter cancelling a quitclaim deed from J. L. Krosen and wife to Pollock, under which conveyance the latter claimed title to the property described in the mortgage, and quieting the title in the plaintiff. From the last decree Pollock appeals, claiming that the findings are contrary to the evidence.

The condition of the record is such that we are unable to review the findings and decree. The testimony was not preserved by a bill of exceptions. There is attached to the transcript a draft of a proposed bill, but it was never allowed by either the trial judge or the clerk of the district court, and plaintiff now protests against its being considered. The proposed bill was returned by plaintiff to intervenor with objections to its allowance, and no steps were taken to secure its settlement, so far as this record discloses. There is, however, attached to said draft of the bill of exceptions the following certificate:

"STATE OF NEBRASKA, } ss.
CEDAR COUNTY. }

"I, Jno. J. Goebel, clerk of the district court in and for Cedar county, hereby certify that the foregoing is a true and complete transcript of all papers and proofs received or known to me as such clerk in this case.        JNO. J. GOEBEL,
                    "Clerk Dist. Court."

This did not constitute a settlement or allowance of the bill. Moreover, the clerk had no power to settle a bill of exceptions in this case, inasmuch as he had not been authorized or empowered to do so by a written stipulation of the parties or their attorneys. As the testimony has not been made a part of the record by a bill of exceptions duly allowed, the decree must be

AFFIRMED.